IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
CITY OF EUFAULA, ALABAMA    )
et al.,                     )
                            )
     Plaintiffs,            )
                            )    CIVIL ACTION NO.
     v.                     )     2:14cv1206-MHT
                            )         (WO)
ALABAMA DEPARTMENT OF       )
TRANSPORTATION, et al.      )
                            )
     Defendants.            )
```

ORDER

Based on the representations made on-the-record on December 9, 2014, it is ORDERED that the motion for a temporary restraining order (doc. no. 2) is set for submission, with briefs due, on December 22, 2014, with the court to reach its decision on December 31, 2014. The state has agreed to delay its groundbreaking until the court has decided on the matter.

In addition, the parties should also address in their briefs why Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984), does not preclude the

state-law claims in this case.  In Pennhurst, residents of a state facility for people with mental disabilities claimed that the unsanitary and dangerous conditions in the facility violated federal and state law.  465 U.S. at 92.  Without reaching the federal issues, the court of appeals found for the plaintiffs on state-law grounds alone.  Id. at 95.  The Supreme Court reversed, holding that "a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment," and that such protection "applies as well to state-law claims brought into federal court under pendent jurisdiction."  Id. at 121.

The question for the parties is how, or if, the state-law claims in the current case are distinguishable.  The court seeks to resolve this question now because time is of the essence and, should this court dismiss the state-law claims and deny relief on the federal claims, plaintiffs may want to be in a

**position to pursue their state-law claims in state court with dispatch. Indeed, it may be wise for plaintiffs to initiate their state-law claims in state court <u>now</u>.**

**DONE, this the 10th day of December, 2014.**

       <u>/s/ Myron H. Thompson</u>
       **UNITED STATES DISTRICT JUDGE**